# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| LETISIA POOLE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>ENTERPRISE RECOVERY SYSTEMS, INC.,<br><br>Defendants. | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff LETISIA POOLE (hereinafter, "Plaintiff"), an Alabama resident, brings this class action complaint by and through her undersigned counsel, against Defendant ENTERPRISE RECOVERY SYSTEMS, INC. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of Alabama consumers seeking

1

redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in false, deceptive or misleading practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of Alabama, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant Enterprise Recovery Systems, Inc. is a collection agency with its principal office located at 840 S. Frontage Road, Woodridge, Illinois 60517.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following consumer class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

> a) All individuals with addresses in the state of Alabama b) to whom Defendant c) sent a collection letter in an attempt to collect a debt d) which states "Until paid in full, interest may continue to accrue on your account" e) in which no interest was accruing f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. § 1692e.

15. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

16. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members

   would be impractical.

(b)  **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. § 1692e and 1692g.

(c)  **<u>Typicality:</u>** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d)  **<u>Adequacy:</u>** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are averse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)  **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is

also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## ALLEGATIONS OF FACT

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to August 30, 2016, an obligation was allegedly incurred to APOLLO EDUCATION GROUP ("APOLLO").

22. The APOLLO obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

23. The alleged APOLLO obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

24. APOLLO is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

25. Defendant contends that the APOLLO debt is past due.

26. Defendant is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors.

27. APOLLO directly or through an intermediary contracted the Defendant to collect the alleged debt.

28. On or about August 30, 2016, the Defendant caused to be delivered to the Plaintiff a collection letter in an attempt to collect the alleged APOLLO debt. *See* **Exhibit A.**

29. Upon information and belief, the August 30, 2016 letter was the first communication between the Defendant and Plaintiff regarding the APOLLO debt.

30. The August 30, 2016 letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

31. The August 30, 2016 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

32. The Plaintiff received and read the Letter sometime after August 30, 2016.

33. The Letter stated in part:

    "Amount Due: $1748.68"

34. The Letter further stated:

    "Until paid in full, interest may continue to accrue on your account."

35. The Plaintiff, as would any least sophisticated consumer read the above statement and believed that the Defendant could potentially impose additional charges, even though that would never actually occur. *See e.g., Beauchamp v Fin. Recovery Servs., Inc.*, No. 10 CIV. 4864 SAS, 2011 WL 891320, at *3 (S.D.N.Y. Mar. 14, 2011) (finding that a letter stating that the debt balance may increase could mislead the least sophisticated debtor into believing that additional charges or interest would accrue).

36. Upon information and belief, there would be no required interest, late charges, or other charges that may vary from day to day.

37. Upon information and belief, the amount sought to be collected by Defendant would never

6

change due to interest, late charges and/or other charges, and the amount required to pay the balance would never be greater than the total amount Defendant was seeking.

38. Upon information and belief, if the plaintiff was to pay the current amount due listed on the letter, there would be no adjustment necessary.

39. By inputting this language, the Defendant caused the Plaintiff a real risk of harm.  Plaintiff, as would the least sophisticated consumer, would believe that they have a financial incentive to pay this debt sooner, or risk owing a higher amount.

40. The Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

41. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

42. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

43. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

44. The Defendant violated said section in its letter to the Plaintiff by:

    a. Using a false, deceptive and misleading representation or means in connection with the collection of a debt

    b. Falsely representing the amount of the alleged debt in violation of 1692e(2)(A)

    c. By making a false representation or using deceptive means to collect a debt in

violation of 1692e(10).

45. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Plaintiff's Counsel, as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: August 7, 2017      */s/ David I. Schoen*
DAVID I. SCHOEN
Alabama Bar No. 0860-O42D
Local Counsel for Plaintiff
2800 Zelda Road, Suite 100-6
Montgomery, AL 36106
(334) 395-6611 Office
(917) 591-7586 Fax
Email: Schoenlawfirm@gmail.com

*Attorneys for Plaintiff*

*/s/ Yitzchak Zelman*
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorneys for Plaintiff*
*Pro Hac Vice Application To Be Filed*